ARCHIS A. PARASHARAMI (SBN 321661)
aparasharami@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

*Attorney for Defendant*
*Cequel Communications, LLC, d/b/a*
*Suddenlink Communications*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| JAMIE LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CEQUEL COMMUNICATIONS, LLC, d/b/a SUDDENLINK COMMUNICATIONS; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.<br><br>California Case No.:TCU20-7694<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453 BY DEFENDANT CEQUEL COMMUNICATIONS, LLC, d/b/a SUDDENLINK COMMUNICATIONS**<br><br>**(DIVERSITY JURISDICTION—CLASS ACTION FAIRNESS ACT)** |

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Cequel Communications, LLC, d/b/a Suddenlink (hereinafter "Defendant" or "Suddenlink") hereby removes to this Court the state-court action described below.

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A), and for which removal to this Court is appropriate pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, as discussed in more detail below.

## BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

1. On September 28, 2020, Plaintiff Jamie Lopez filed a putative class action against Suddenlink and twenty-five John Does in the Superior Court of the State of California, County of Nevada, under Case Number TCU20-7694.

2. On October 8, 2020, Suddenlink was served with the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Suddenlink are attached to this Notice of Removal as **Exhibit 1**.

3. This Notice has been timely filed pursuant to 28 U.S.C. § 1446(b).

4. The Superior Court of the State of California, County of Nevada, is located within the Eastern District of California, Sacramento Division. 28 U.S.C. § 84(b). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

5. Plaintiff alleges that Suddenlink "charges Plaintiff and Class members for their broadband internet services regardless of whether subpar service or any service is provided." Compl. ¶ 16. Plaintiff brings three causes of action: (1) violations of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*; (2) violations of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*; and (3) breach of contract. Among other remedies, Plaintiff seeks restitution of amounts paid to Suddenlink by him and the putative class members for broadband internet services, disgorgement by Suddenlink of those amounts, and

1  damages. *See, e.g.*, Compl. ¶¶ 54, 65, and "Prayer for Relief" ¶¶ B, C, and D.

2      6.     The Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. § 1332 to grant federal district courts original jurisdiction over putative class actions with 100 or more class members, where the aggregate amount in controversy exceeds $5 million, and where any member of the class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(1), (2). As set forth below, this action satisfies each of these requirements for original jurisdiction under CAFA.

    7.     **Covered Class Action.** This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see* 28 U.S.C. § 1453(a). The putative class action complaint in this case satisfies this requirement. *See* Compl. ¶¶ 23-31.

    8.     **Class Action Consisting of More than 100 Members.** Plaintiff seeks certification of a statewide class of persons domiciled in California who purchased Suddenlink's broadband internet services in the Placer, El Dorado, and Nevada Counties of California. Compl. ¶ 23. The complaint alleges that 'there are hundreds of Class members . . . ." *Id.* ¶ 25. And Suddenlink's records reflect that there are more than 100 members of the putative class. **Exhibit 2,** Declaration of Kimberly Koke ("Koke Decl."), ¶ 2. Accordingly, there are at least 100 persons in the putative class, as required by 28 U.S.C. § 1332(d)(5)(B).

    9.     **The Parties Are Minimally Diverse.** CAFA requires minimal diversity, that is, at least one putative class member must be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen of the State of California. Compl. ¶ 7. Defendant is a citizen of Delaware and New York under either of the possible approaches for determining its citizenship. *First*, under CAFA, an "unincorporated association" is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting that Section 1332(d)(10) "departs from the rule . . . that a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the

entity's members") (quotation marks omitted; brackets the Court's); *Ramirez v. Carefusion Resources, LLC*, No. 18-cv-2852, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) (applying Section 1332(d)(10) to a limited liability company and noting that "most courts to consider the issue have reached the same conclusion"). Defendant Cequel Communications, LLC, d/b/a Suddenlink Communications, is organized under the laws of Delaware and has its principal place of business at One Court Square, Long Island City, New York, 11101, and is therefore a citizen of Delaware and New York for CAFA purposes.

10.  *Second*, Suddenlink's citizenship is the same under the traditional test for assessing diversity of a limited liability company. Cequel Communications, LLC, d/b/a Suddenlink Communications, is a limited liability company whose sole member is CSC Holdings, LLC. CSC Holdings, LLC, is a limited liability company whose sole member is Cablevision Systems Corporation. Cablevision Systems Corporation is incorporated under the laws of Delaware and maintains its principal place of business at One Court Square, Long Island City, New York, 11101. Suddenlink is therefore a citizen of Delaware and New York within the meaning of 28 U.S.C. § 1332. *See Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding outside the CAFA context that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens").

11.  Further, the complaint seeks certification of a class of California domiciliaries. Compl. ¶ 23. Therefore, putative class members, including Plaintiff, are "citizen[s] of a State different from" Suddenlink. 28 U.S.C. § 1332(d)(2)(A).

12.  **The Amount in Controversy Exceeds $5 Million.** Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("Under § 1332(d)(2), a federal court may exercise diversity jurisdiction over a class that has more than 100 members who are minimally diverse and whose aggregate claims exceed $5 million."). While Suddenlink denies the claims alleged in Plaintiff's complaint and further denies that Plaintiff or any putative class member is entitled to any monetary or other relief, the amount in controversy here satisfies

the jurisdictional threshold.

13. Plaintiff, on behalf of himself and the Class, seeks damages, restitution, and disgorgement for the alleged UCL and CLRA violations and the alleged breach of contract. Compl. ¶ 3. Plaintiff's complaint makes clear he is seeking damages and restitution not only in the form of reimbursement for service outages but also for the injuries he and Class members suffered "by the mere fact of purchase" of Suddenlink's services. *Id*. ¶ 53. Because Plaintiff fails to allege a class period, it is reasonable to assume Plaintiff intends the class period to be limited only by the relevant statutes of limitations. *See, e.g., Lopez v. Aerotek, Inc.*, No. SACV 14–00803–(CJGx), 2015 WL 2342558, at *2 (C.D. Cal. May 14, 2015) (basing class period off the "applicable statutes of limitations"). While Suddenlink reserves any arguments available to potentially shorten the statute of limitations period, Plaintiff's UCL and breach of contract claims appear to be subject to four-year statutes of limitations. Cal. Bus. & Prof. Code § 17208; Cal. Civ. Proc. Code § 337. Thus, the class period for this action could plausibly encompass the four-year period preceding Plaintiff's filing of his complaint.

14. Given the size of the putative class, Compl. ¶¶ 23-24, Plaintiff's requests for damages and restitution on behalf of himself and the proposed class for amounts paid to Suddenlink for broadband internet service easily satisfy the amount in controversy. Suddenlink again denies that Plaintiff's claims have any merit and that he or any putative class member is entitled to relief. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). But according to Suddenlink's records, the members of the putative class—*i.e.*, Suddenlink's broadband internet customers in Placer County, El Dorado County, and Nevada County, California—have been charged and paid, in the aggregate, in excess of $5 million for Suddenlink's broadband internet service just over the past two years alone, well within the statute of limitations period for Plaintiff's claims. Koke Decl. ¶ 2. As the Ninth Circuit explained in *Lewis*, when a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction. *Lewis*, 627 F.3d at 401.

15. Plaintiff also seeks attorneys' fees, which further bolsters the conclusion that the $5 million amount in controversy is satisfied here. Attorneys' fees sought under fee-shifting statutes are included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Here, Plaintiff's claim under the CLRA authorizes an award for attorneys' fees. Cal. Civ. Code § 1750(e) ("The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section."). "When reviewing attorneys' fees in the class action context, the Ninth Circuit has held that the 'benchmark' for a reasonable fee is 25% of the class award's common fund." *Bayol v. Zipcar, Inc.*, No. 14–cv–02483–THE, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Thus, in addition to the damages and restitution Plaintiff seeks—which already push this case past the $5 million threshold—this Court must also account for a potential attorneys' fees award of at least 25%, further bolstering the conclusion that the amount in controversy exceeds $5 million.

16. Accordingly, the amount in controversy exceeds $5 million. *See Dart Cherokee Basin Operating Co. v. Owens*, 571 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

**NOTICE TO ADVERSE PARTIES AND STATE COURT**

17. In accordance with 28 U.S.C. § 1446(d), Suddenlink will promptly file in the Superior Court of the State of California, County of Nevada, and serve Plaintiff with a copy of a Notice to the Superior Court and to Plaintiff of Filing of Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 in the form of **Exhibit 3**, which is incorporated by reference.

**CONCLUSION**

18. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Suddenlink hereby removes this action from the Superior Court of the State of California, County of Nevada, to the United States District Court for the Eastern District of California, Sacramento Division.

Dated: November 9, 2020                    Respectfully submitted,


*/s/ Archis A. Parasharami*
ARCHIS A. PARASHARAMI (SBN 321661)
aparasharami@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

*ATTORNEY FOR DEFENDANT
CEQUEL COMMUNICATIONS, LLC, d/b/a
SUDDENLINK COMMUNICATIONS*