# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CEQUEL COMMUNICATIONS, LLC, dba SUDDENLINK COMMUNICATIONS; and DOES 1-25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMIE LOPEZ, individually and on behalf of all others similarly situated

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|
| F I L E D |
| SUPERIOR COURT OF CALIFORNIA COUNTY OF NEVADA |
| SEP 2 8 2020 |
| JASON B. GALKIN EXECUTIVE OFFICER & CLERK By: K. HORTON, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Nevada County Superior Court Truckee Branch Courthouse 10075 Levon Avenue, Truckee, CA 96161 | CASE NUMBER *(Número del Caso):* TCU20-7694 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy G. Blood, Blood Hurst & O'Reardon, LLP, 501 West Broadway, Suite 1490, San Diego, CA 92101, Tel: 619/338-1100

| DATE: *(Fecha)* SEP 2 8 2020 | Clerk, by *(Secretario)* K. HORTON | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒☒ on behalf of *(specify):* Cequel Communications, LLC, dba Suddenlink Communications
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒☒ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
|---|---|---|

SEP 2 8 2020

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | | | FOR COURT USE ONLY |
|---|---|---|---|
| Timothy G. Blood (149343)    [SEE ATTACHMENT A]<br>BLOOD HURST & O'REARDON, LLP<br>501 West Broadway, Suite 1490, San Diego, CA 92101 | | | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF NEVADA |

TELEPHONE NO.: 619/338-1100    FAX NO. *(Optional):* 619/338-1101
ATTORNEY FOR *(Name):* Plaintiff Jamie Lopez

**SEP 28 2020**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NEVADA
STREET ADDRESS: 10075 Levon Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Trukee  96161
BRANCH NAME: Truckee Branch Courthouse

**JASON B. GALKIN**
**EXECUTIVE OFFICER & CLERK**
**By: K. HORTON, Deputy Clerk**

CASE NAME:
JAMIE LOPEZ v. CEQUEL COMMUNICATIONS dba SUDDENLINK COMMUNICATIONS

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **TCU20-7694** |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* THREE:  Civ. Code §17500; B&P §17200; and breach of contract
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 28, 2020

Timothy G. Blood
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

*BY FAX*

*Jamie Lopez v. Cequel Communications, LLC dba Suddenlink Communications*
Nevada County Superior Court

## ATTACHMENT A TO CIVIL CASE COVER SHEET [CM 010]

*Attorneys for Plaintiff Jamie Lopez*

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
CRAIG W. STRAUB (249032)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
cstraub@bholaw.com

QUADE & ASSOCIATES, APLC
MICHAEL W. QUADE (171930)
3377 Carmel Mountain Road, Suite 150
San Diego, CA 92121
Tel: 858/642-1700
858/642-1778 (fax)
mquade@quadelaw.com

00168827

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                   CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

| 03/19/2021 ATTORNEY OR PARTY WITHOUT ATTORNEY (name, address, phone and fax number) | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF STATE OF CALIFORNIA<br>COUNTY OF NEVADA-TRUCKEE BRANCH<br>10075 LEVON AVENUE, SUITE 107<br>TRUCKEE, CA 96161 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF NEVADA<br><br>SEP 28 2020<br><br>EXECUTIVE OFFICER & CLERK<br>By: K. HORTON, Deputy Clerk |
| PLAINTIFF:   **JAMIE LOPEZ**<br>vs<br>DEFENDANT:   **CEQUEL COMMUNICATIONS** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:   **TCU20-7694** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD.

NOTICE is given that a Case Management Conference has been scheduled as follows:

| Date:<br>03/19/2021 | Time:<br>9:00AM | Strict compliance with Local Rule 4.00.8 required.  An Order to Show Cause Re: Sanctions will issue if service is not completed within 60 days or Application for extension is not sought. |
|---|---|---|

- Notice is given that this case is assigned to Judge Robert L. Tamietti for all purposes.

## CMC PROCEDURES

- The court will review the CMC Statements filed by parties and, based on the information provided in those statements, will issue a Tentative CMC Ruling establishing proposed trial dates and duration, MSC dates, arbitration, mediation and or ADR requirements, and any other applicable case management criteria.  Those Tentative CMC Rulings will be posted on the court's website by 3:00PM, the Wednesday prior to CMC.

- Those CMC Tentative Rulings will become the order of the court, unless by no later than 4:00pm, on the Thursday prior to the date for the CMC, any party calls the court at (530) 362-4309, and notifies the court of that party's intention to appear at the CMC and object to any of the proposed content of the Tentative CMC Ruling.  It shall be the responsibility of any objecting party to notify all other parties in the case by the quickest available and reliable means of the required appearances at the CMC.

## TELEPHONIC CMC PROCEDURES

- All appearances at CMCs shall be by telephone through VCourt. When an objecting party calls the Court, the court will advise the party of the time of the call in for the CMC. It shall be the responsibility of the party objecting to the Tentative CMC Ruling to notify all other parties of the time of the CMC and to arrange the VCourt appearance for all parties to the case, including any unrepresented litigants.

- You must file and serve a completed Case Management Statement form CM-110 at least **fifteen (15) days** before the case management conference (California Rule of Court 3.725(a). Strict compliance with Rules of Court 3.110 is required.  **UNTIMELY FILINGS WILL NOT BE CONSIDERED AND SANCTIONS MAY BE ORDERED.**

- You must be familiar with the case and be fully prepared to participate effectively in the case management conference

- At the case management conference the court may make pretrial orders, including the following:
  - o   An order establishing a discovery schedule;
  - o   A referral of the case to judicial arbitration or some other form of alternate dispute resolution with a date of completion;
  - o   An order scheduling exchange of expert witness information;
  - o   An order setting subsequent conferences and the trial date;
  - o   Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov.Code §686000 et seq.);

- For further instructions and information see the Case Management Information Sheet.

Dated: 9/28/2020          JASON B. GALKIN, CEO by_____   **K. HORTON**_____   Deputy

1    BLOOD HURST & O'REARDON, LLP
     TIMOTHY G. BLOOD (149343)
2    THOMAS J. O'REARDON II (247952)
     CRAIG W. STRAUB (249032)
3    501 West Broadway, Suite 1490
     San Diego, CA 92101
4    Tel: 619/338-1100
     619/338-1101 (fax)
5    tblood@bholaw.com
     toreardon@bholaw.com
6    cstraub@bholaw.com

7    QUADE & ASSOCIATES, APLC
     MICHAEL W. QUADE (171930)
8    3377 Carmel Mountain Road, Suite 150
     San Diego, CA 92121
9    Tel: 858/642-1700
     858/642-1778 (fax)
10   mquade@quadelaw.com

11   Attorneys for Plaintiff

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF NEVADA

**SEP 2 8 2020**

JASON B. GALKIN
EXECUTIVE OFFICER & CLERK
By: K. HORTON, Deputy Clerk

12          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13              **IN AND FOR THE COUNTY OF NEVADA**

14   JAMIE LOPEZ, individually and on behalf of    Case No.  **TCU20-7694**
     all others similarly situated,
15                                                 **CLASS ACTION**
                    Plaintiff,
16                                                 **CLASS ACTION COMPLAINT FOR:**
           v.                                      **1. VIOLATION OF CONSUMERS LEGAL
17                                                     REMEDIES ACT, CIVIL CODE §§ 1750,**
     CEQUEL COMMUNICATIONS, LLC, dba                  *et seq.*;
18   SUDDENLINK COMMUNICATIONS; and               **2. VIOLATION OF THE UNFAIR
     DOES 1-25, inclusive,                            COMPETITION LAW, BUSINESS AND
19                                                    PROFESSIONS CODE §§ 17200,** *et seq.*;
                    Defendants.                       **and**
20                                                 **3. BREACH OF CONTRACT**

21                                                 (*UNLIMITED MATTER*
                                                   Amount demanded exceeds $25,000)
22
                                                   **DEMAND FOR JURY TRIAL**
23

24                                                      **BY FAX**
25

26

27

28

00168823                          CLASS ACTION COMPLAINT

Plaintiff Jaime Lopez ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Cequel Communications, LLC, dba Suddenlink Communications ("Defendant" or "Suddenlink"). Plaintiff alleges upon personal knowledge as to his acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.      This action is brought on behalf of California purchasers of Suddenlink's broadband internet services for use in Placer, El Dorado and Nevada Counties of California (the "Service Area").

2.      Suddenlink contracts directly with customers in the Service Area. Although Suddenlink promises reliable broadband internet services with download speeds up to 100 to 940 megabits per second ("Mpbs"), customers experience frequent and prolonged internet service outages and near constant sluggish internet speeds. The service outages and slow speeds prevent customers from using the internet. Outages can last over a month at a time. The sluggish internet speeds inhibit or prevent customers from using their internet or using it effectively. However, Suddenlink continues to charge customers regardless of whether there are prolonged unreasonably slow download speeds and outages.

3.      Plaintiff brings this action on behalf of himself and all other similarly situated Suddenlink broadband internet customers that pay for these services in the Service Area. Based on violations of the Unfair Competition Law, the Consumers Legal Remedies Act, and breach of contract, Plaintiff seeks damages, including punitive damages, restitution, and injunctive relief for himself and the other members of the Class.

### JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution, because this case is not a cause given by statute to other trial courts. The injuries resulting from the conduct of Defendant occurred in California.

5.      This Court has personal jurisdiction over Defendant because Defendant is authorized to and does conduct business in the State of California. During the relevant time period, Defendant

1

CLASS ACTION COMPLAINT

1   did sufficient business in, had sufficient contacts with, and intentionally availed itself of the laws

2   and markets of California through the marketing, promotion, and sale of its products and services,

3   as to render exercise of jurisdiction by California courts permissible.

4        6.     Venue is proper in this Court because plaintiff Lopez resides in the County of

5   Nevada, California and purchased the subject broadband internet services here, Suddenlink

6   maintains offices and staffing here, and is currently doing, and during the relevant time period, has

7   done significant amounts of business here.  In addition, the acts and practices giving rise to the

8   claims alleged occurred in the County of Nevada, California.

9                            **PARTIES**

10       7.     Plaintiff Jaime Lopez is a citizen of the State of California. At all times relevant to

11   this action, he resided in the County of Nevada, California. Plaintiff Lopez has been a customer of

12   Suddenlink's internet services since at least 2015. In reliance on Defendant's representations,

13   Plaintiff Lopez purchased Defendant's broadband internet services, and as a result of Defendant's

14   breach of contract, unfair competition and deceptive practices, Plaintiff suffered injury in fact and

15   lost money, including payments Plaintiff made when Defendant failed to provide the promised

16   broadband internet services.

17       8.     Throughout the duration of his time as a Suddenlink customer, Mr. Lopez has always

18   paid for his service with a check via U.S. mail or credit card. Mr. Lopez has never created an online

19   account with Suddenlink to pay for his service.

20       9.     Defendant Cequel Communication, LLC, dba Suddenlink Communications is a

21   Delaware Corporation that does business, operates, and maintains offices in California, including in

22   Truckee, California. Suddenlink advertises and sells broadband internet services to consumers and

23   businesses in California. Defendant is a subsidiary of Altice, USA, Inc., and it was acquired by

24   Altice on or about December 21, 2015.

25       10.    The true names and capacities of the defendants named herein under California Code

26   of Civil Procedure §474 as Does 1 through 50 are presently unknown to Plaintiff, who therefore

27   sues them by such fictitious names. Plaintiff will amend this Complaint to allege the true names and

28   capacities of these defendants when they have been determined. Each of the fictitiously named

BLOOD HURST & O' REARDON, LLP

00168823

1  defendants is responsible in some manner for the wrongful conduct alleged herein. The Doe

2  defendants are private individuals, associations, partnerships, private and public corporations or

3  institutions who participated in the wrongful conduct alleged herein in ways which are unknown to

4  Plaintiff at this time.

5       11.    At all times mentioned in the causes of action alleged herein, each and every

6  defendant was an alter ego, agent and/or employee of each and every other defendant. In doing

7  the things alleged in the causes of action stated herein, each and every defendant was acting

8  within the course and scope of this agency or employment, and was acting with the consent,

9  permission and authorization of each of the remaining defendants. All actions of each defendant,

10  as alleged in the causes of action stated herein, were ratified and approved by every other defendant

11  or its officers or managing agents.

12  **FACTUAL ALLEGATIONS**

13       12.    Since at least 2010, Suddenlink has held a monopoly in the Service Area by acquiring

14  agreements with homeowners' associations and townships. For most residents of the Service Area,

15  Suddenlink is the only available broadband internet service provider.

16       13.    Suddenlink operates under a standardized adhesionary service contract. Plaintiff and

17  other Class Members pay approximately $35-100 per month for Suddenlink's internet broadband

18  service. Suddenlink's service contract promises broadband internet services with download speeds

19  up to 100, 200, 400, 600, 800 or 940 Mpbs, depending on the package purchased:

20
21  Suddenlink 100 Internet has speeds up to 100 Mbps downstream/10 Mbps upstream.
   Suddenlink 200 Internet has speeds up to 200 Mbps downstream/20 Mbps upstream.

22  Suddenlink 400 Internet has speeds up to 400 Mbps downstream/40 Mbps upstream.
   Suddenlink 600 Internet has speeds up to 600 Mbps downstream/60 Mbps upstream.

23  Suddenlink 800 Internet has speeds up to 800 Mbps downstream/80 Mbps upstream.
   Suddenlink 1 Gig Internet has speeds up to 940 Mbps downstream/50 Mbps

24  upstream.

25       14.    Throughout its marketing and advertising, Suddenlink promotes and promises "the

26  speed you need," "Fast & reliable Internet," "award-winning Internet delivers a blazing-fast and

27  reliable experience," and a "next-generation network," implying that the network is very good and

28  highly reliable. However, the representations are not true. Further, Suddenlink fails to disclose in its

BLOOD HURST & O' REARDON, LLP

advertising and in its standardized contracts that service is frequently very slow to the point of useless and outages occur frequently and for long periods of time, yet it will not rebate or refund monies paid when its internet services are not available for use. Its contract provides: "[m]any factors affect speed. Actual speeds may vary and are not guaranteed. Wireless speed, performance and availability subject to factors beyond Suddenlink's control." However, the near-constant problems with Suddenlink's internet in the Service Area go well beyond that which can be disclaimed because the performance is well-below that which is represented in its advertising and would make the contract illusory.

15.    Despite being advertised as fast and reliable, Suddenlink's broadband internet service in the Service Area experience frequent and prolonged outages as well as extremely slow download speeds. During outages, no broadband internet services are provided to the affected Service Area. During periods of unreasonably slow download speeds, Defendant's internet service is likewise useless. Plaintiff and other Class members are directly affected by these consistent and repeated outages as well as extremely slow download speeds. During service outages and extremely slow internet speeds, customers are unable to access the internet and use the Suddenlink services for the intended purposes of the contract, and Suddenlink is in breach of contracts with Plaintiff and other Class members. As a result, Defendant does not meet its contractual obligations and misleadingly advertises its internet services.

16.    Suddenlink continues to charge Plaintiff and Class members for its services when it is in breach of contract. Suddenlink charges Plaintiff and Class members for their broadband internet services regardless of whether subpar service or any service is provided. For example, Suddenlink has always charged Plaintiff Lopez for broadband internet service during these periods of unreasonably slow download speeds and outages. Suddenlink has even charged Mr. Lopez for the entirety of his monthly bill when the service outage lasted for the entire monthly billing period. Suddenlink does not reimburse Class members or pro-rate their payments when it breaches the service contract during these service outages, nor does it provide any sort of refund during the frequent and excessive periods of extremely slow download speeds.

CLASS ACTION COMPLAINT

BLOOD HURST & O'REARDON, LLP

17.  Suddenlink also fails to adequately manage the various and frequently changing third-party contractors it uses to attempt to perform repairs and provide service to its customers' hardware, resulting in a mismanagement of customer service records. This causes long delays and unnecessary repeated service visits to customers' homes.

18.  Further, although Suddenlink is supposed to monitor whether a service outage is about to occur or is occurring, it lacks sufficient ability to do so. Suddenlink employees admit to frustrated customers that Suddenlink lacks the ability to detect service outages and unreasonably slow download speeds in real time. On a phone call with a Suddenlink customer, one Customer Service Representative admits that the its service monitoring is wholly ineffective, describing its monitoring capabilities as a "shitshow."

19.  Suddenlink advertises that it has "world-class" customer support, but the customer service representatives are directed to use a script to assist customers who call Suddenlink regarding their internet service. This script makes it more difficult for customers to inquire about service outages or excessively slow download speeds because it does not cover service outage or subpar speed topics, and customer service representatives are unable to perform any tasks to troubleshoot the problem or even know when the problem may possibly be rectified.

20.  Because Suddenlink is primary provider of internet services in the Service Area, Plaintiff and other Class Members have no other option for broadband internet services. If Plaintiff could choose a different broadband internet service, he would do so.

21.  There are widespread complaints about outages and severely slow download speeds with Suddenlink's internet service. For example:

- "With the countless hassles and never ending annoyance you'd be better off starting your own cable / internet company than dealing with this one. Suddenlink has the worst customer service of any business I've ever worked with. The website does not have accurate updated information regarding outages in your area nor do they have accurate info about the equipment you're using. In addition, they'll make changes to their systems without updating you and forget to email you your new bill that's due on a totally different date than your previous billing cycle thereby interrupting your service for "nonpayment"! Really?? They don't have enough money to hire people to handle this? If you ever try to call them you're on hold for at least an hour and they never call you back!!! Again, they don't have enough money to hire more customer

BLOOD HURST & O' REARDON, LLP

00168823

service agents??????? REALLY? I can't wait until a better option comes along for the rural areas. I hope they lose ALL their business and close. I hate them!"[1]

- "I've heard everyone (Tahoe/Truckee locals & 2nd homeowners) constantly complain about SUDDENLINK and now I know why, Suddenlink SUCKS. They randomly started to charge me an extra $1.00 even though I am on "PAPERLESS" billing. I waited over an hour to get no where with customer service. The (877) doesn't even attempt to pickup. Robo guy say's they're "too busy". What happened to customer service for the people that PAY you, Suddenlink ? And, BTW, the cable service sucks too, can't get most channels. Suddenlink deserves no stars."[2]

- "Horrible across the board on every aspect from customer service to the service technicians. You'd get faster results if you sent an arthritic mule across country to with a letter in his saddlebag than you would trying to contact Suddenlink--and the mule would be more apt to solve your issue then they would. It's criminal that they are virtually the only choice we have for internet. The quintessential example of a company that doesn't give a shit."[3]

- "Suddenlink out of Truckee is the worst for customer service, actually they have no customer service at all. If there was another provider for cable tv and internet at Lake Tahoe I would switch immediately. They have never shown up on the day of service appointments (6 different times). Always an excuse of one thing or another. Today was just another one of their failings. Scheduled appointment 3 weeks ago for this morning for AM appointment and I confirmed it thru their automated call center. Guess what, they never showed up! I called back and the call tree had a new appointment for 5 days later due to lack of manpower. Suddenlink really sucks!"[4]

- "Ok so how do I even begin. Monopoly on the area? Poor to nonexistent customer service? No show techs? Poor signal? An office that can't do ANYTHING? No credit for loss of connection for days? Hours on hold? Yea, I think that about covers it. The ONLY reason they get 2 stars is because when our tech came out, he ran the line for free instead of charging. That was super awesome of him and I wish I remembered his name."[5] "Impossible to connect with an actual human. Over priced. Their

---

[1] https://www.yelp.com/biz/suddenlink-communications-grass-valley?hrid=PXnQcKcJD2GX9jSqOKL72Q&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct) (last visited August 7, 2020).
[2] https://www.yelp.com/biz/suddenlink-communications-truckee-3?hrid=sTuHq6Zk0NkbXN_CZg9AbA&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct) (last visited August 7, 2020).
[3] https://www.yelp.com/biz/suddenlink-communications-truckee-3?hrid=VqyEt9zY5ifskNEP05ZqCg&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct) (last visited August 7, 2020).
[4] https://www.yelp.com/biz/suddenlink-communications-truckee-3?hrid=1-JRMYPk38Tg2jDTWQpExQ&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct) (last visited August 7, 2020).
[5] https://www.yelp.com/biz/suddenlink-communications-truckee-3?hrid=SiaDOvv3wKenk5qS431EEw&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct) (last visited August 7, 2020).

BLOOD HURST & O' REARDON, LLP

00168823

CLASS ACTION COMPLAINT

MONOPOLY on the area should be illegal, and they're clearly taking advantage of their customers."[6]

- "Truckee, CA SuddenLink Internet Service has been down several times over the last several days. @suddenlink customer service hangs you up when you call. @suddenlink has a monopoly over Truckee, CA. Not Good!"[7]

- "Made an appt. for internet installation two weeks in advance for a vacation home in Lake Tahoe, CA. Suddenlink texted me the day before to confirm my appt. & said that an installer would arrive between 11-2pm. I drove up from the Bay Area specifically to be there to meet the installer. Well, the installer never showed up during the 3 hour window. I called Suddenlink twice that day to inquire where the installer was & that he hadn't shown up. They told me over the phone they hire independent contractors as installers so they had no idea where the installer was or why the installer hadn't shown up. They stated they weren't able to track him down because they're not given names or numbers of their independent contractors. So, I continued to wait & wait & wait thinking he'd still show up. Clearly at 6pm it became obvious it wasn't going to happen. I've received no follow-up call from Suddenlink about the appt. that never happened. I'm completely just left in limbo. I'm also at their mercy because Suddenlink is the only communications company that provides service to my residential area in Lake Tahoe, CA. My experience has been awful & Suddenlink clearly doesn't value customer relationships or their customer's time. They honestly just don't care."[8]

- "Does anyone else feel emotionally abused by Suddenlink here in Truckee?! We have been having internet connection issues with them for two months. I have had 3 technicians over at my house and they get the internet working for about a day and then it goes south again. They are taking $100 a month from us and in turn giving us shoddy internet and BS customer service. I can't talk to anyone over the phone without waiting 30+ minutes. I can't get a technician at my house without having to wait a week an a half. This morning I went to the local office and the individuals that work at the front counter literally are worthless. What's the point of them being there if they can't help with billing, or trying to triage a technician to a problem house that has multiple documented service calls that have no resolution?! All they do is take your money and give a blank stare and look at you like you're a crazy person. Seriously, just lock the door and install an envelop slot, that's basically the service they are providing. Truckee residents are STUCK with this company because there are no other internet service providers in the area. FYI: I just submitted a complaint to the BBB and the FCC."[9]

---

[6]    https://www.yelp.com/biz/suddenlink-communications-truckee-3?hrid=ep5k0tniBcsHf5PDAi0t5w&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct) (last visited August 7, 2020).
[7]    https://twitter.com/DonSung4/status/1263203159704350720
[8]    https://www.yelp.com/biz/suddenlink-communications-truckee-3?hrid=lrOY3PlSgZPepVlwvOda7A&utm_campaign=www_review_share_popup&utm_medium=copy_link&utm_source=(direct) (last visited August 7, 2020).
[9]    https://www.yelp.com/biz/suddenlink-communications-truckee-

BLOOD HURST & O' REARDON, LLP

7

00168823

22.     Plaintiff and the other Class members have been and will continue to be deceived by Defendant's false and deceptive claims and contractual promises to provide certain download speeds and functioning internet. The only purpose for purchasing the broadband internet services is to obtain usable internet access.

## CLASS DEFINITION AND ALLEGATIONS

23.     Plaintiff seeks certification of a Class consisting of all persons in California who purchased Suddenlink's broadband internet services in the Placer, El Dorado and Nevada Counties of California and were not reimbursed for payments made during service outages and periods of slow download speeds.

24.     The Class excludes Defendant's officers and directors, current or former employees, including their immediate family members, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff. Plaintiff reserves the right to amend the Class definition or include subclasses if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

25.     This action is properly brought as a class action for the following reasons:

(a)     The Class is so numerous and geographically dispersed that joinder of all members of the Class is impracticable. While Plaintiff does not know the exact number and identity of all Class members, Plaintiff believes there are hundreds of Class members and that their identities can be ascertained from Suddenlink's books and records. Attempting to join each Class member as co-plaintiffs is impracticable.

(b)     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members. These questions, which arise from Defendant's common course of conduct, including the statements made in the applicable contracts and advertisements, predominate over any questions affecting only individual Class members. Among these common questions of law and fact are:

---

3?hrid=Hk9rpvU3iFnY0ucqQVPVDw&utm_campaign=www_review_share_popup&utm_mediu m=copy_link&utm_source=(direct) (last visited August 7, 2020).

BLOOD HURST & O' REARDON, LLP

00168823

1            i)      Whether the representations made by Defendant are true, or are

2 misleading, or are reasonably likely to deceive;

3            ii)      Whether Defendant's alleged conduct violates public policy;

4            iii)      Whether Defendant's alleged conduct constituted breach of contract;

5            iv)      Whether the alleged conduct constitutes violations of the laws

6 asserted herein;

7            v)      Whether Defendant engaged in false or misleading advertising;

8            vi)      Whether Plaintiff and Class members are entitled to damages or

9 equitable relief, and the proper measure of those damages or equitable relief; and

10            vii)      Whether Plaintiff and Class members are entitled to declaratory and

11 injunctive relief.

12      26.      The claims asserted by Plaintiff are typical of the claims of Class members.

13      27.      Plaintiff will fairly and adequately represent and protect the interests of the Class.

14 Plaintiff does not have any interests antagonistic to those of the Class. Furthermore, Plaintiff has

15 retained counsel competent and experienced in the prosecution of this type of litigation.

16      28.      This class action is superior to other available methods for the fair and efficient

17 adjudication of this controversy. The expense and burden of individual litigation would make it

18 impracticable or impossible for Class members to prosecute their claims individually. Moreover,

19 the trial and the litigation of Plaintiff's claims are manageable.

20      29.      Plaintiff seeks a constructive trust, and preliminary and permanent injunctive and

21 equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to

22 enjoin and prevent Defendant from engaging in the acts described, and requiring Defendant to

23 provide full restitution to Plaintiff and Class members.

24      30.      Absent a class action, Defendant's violations of law will continue, and Defendant

25 will continue to reap and retain substantial proceeds as a result of their improper conduct.

26      31.      Defendant has acted and refused to act on grounds generally applicable to the Class,

27 making appropriate final injunctive relief with respect to the Class as a whole.

28

BLOOD HURST & O' REARDON, LLP

**FIRST CAUSE OF ACTION**

**Violations of California Unfair Competition Law ("UCL")**

**(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

32.     Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

33.     Plaintiff brings this cause of action on behalf of himself and the Class.

34.     The UCL prohibits any "unlawful . . . business act or practice." Defendant has violated the UCL's prohibition against engaging in unlawful acts and practices by, inter alia, making the representations and omissions of material facts, as set forth more fully herein, violating the Consumers Legal Remedies Act, Civ. Code §§ 1770(a)(5), (7), (9), (14), (16) and (19) and breaching the standardized contract, as alleged. Defendant's above-described wrongful acts and practices constitute actual and constructive fraud within the meaning of Civil Code §§ 1572 and 1573, as well as deceit, which is prohibited under Civil Code §§ 1709 and 1711.

35.     Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

36.     The UCL also prohibits any "unfair . . . business act or practice."

37.     Defendant's acts, omissions, misrepresentations, practices, and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of California Business and Professions Code §§ 17200, *et seq.* in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

38.     As stated in this Complaint, Plaintiff alleges false and deceptive advertising, unfair conduct and breaches of contract resulting in harm to consumers. Plaintiff asserts violation of the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. Defendant's contracts are also unconscionable because the contracts contain an overbroad disclaimer and other provisions that are unreasonably favorable to Defendant, the more powerful party. This conduct constitutes violations of the UCL's unfair prong.

BLOOD HURST & O' REARDON, LLP

00168823

39. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

40. The UCL also prohibits any "fraudulent business act or practice."

41. Defendant's claims, affirmative representations and misleading statements relating to the internet services, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of California Business and Professions Code § 17200.

42. Defendant's conduct also constitutes "unfair, deceptive, untrue [and] misleading advertising" within the meaning of California Business and Professions Code § 17200.

43. Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class members. Plaintiff and Class members have suffered injury in fact and have lost money as a result of Defendant's unfair conduct.

44. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts and practices and false advertising, entitling Plaintiff to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.

## SECOND CAUSE OF ACTION

### Violations of the Consumers Legal Remedies Act ("CLRA")

### (Cal. Civ. Code §§ 1750, *et seq.*)

45. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

46. Plaintiff brings this cause of action on behalf of himself and the Class.

47. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "Act"). Plaintiff is a "consumer" as defined by California Civil Code § 1761(d). Defendant's internet services are "goods" or "services" within the meaning of the Act. Defendant's sale and advertisement of its broadband internet services constitutes "transactions" within the meaning of the CLRA. Cal. Civ. Code § 1761(e).

48. Defendant violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of internet services:

BLOOD HURST & O' REARDON, LLP

11

(5)     Representing that [internet services] have . . . approval, characteristics, . . uses [and] benefits . . . which [they do] not have . . .

*       *       *

(7)     Representing that [the internet services] are of a particular standard, quality or grade . . . if [they are] of another.

*       *       *

(9)     Advertising goods or services . . . with intent not to sell them as advertised.

*       *       *

(14)    Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve ...

*       *       *

(16)    Representing that [the internet services] has been supplied in accordance with a previous representation when [they have] not.

*       *       *

(19)    Inserting and unconscionable provision in the contract.

49.     Defendant violated the Act by representing and failing to disclose material facts about the internet broadband services throughout its standardized contract, marketing and advertising, as described above, when it knew, or should have known, that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

50.     Defendant knew or should have known that its representations about its internet services were misleading, and that by omitting the prevalence of its service outages and unreasonably slow download speeds, it was omitting a material fact that would alter any consumer's decision to purchase its services.

51.     Defendant's violations of the CLRA proximately caused injury in fact to Plaintiff and the Class.

52.     Plaintiff and the Class Members purchased Suddenlink's broadband internet service on the belief that they would receive reasonable broadband internet coverage as advertised.

BLOOD HURST & O' REARDON, LLP

CLASS ACTION COMPLAINT

00168823

53.    Defendant's broadband internet service, however, is worthless during service outages and when experiencing unreasonably slow download speeds. No reasonable consumer would purchase such a service if they knew they would have to pay when the service was unavailable or unusable. Because the broadband internet service was worthless during service outages and periods of unreasonably slow download speed times, Plaintiff and each Class member were injured by the mere fact of the purchase.

54.    Pursuant to § 1782(d) of the Act, Plaintiff and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

55.    Pursuant to § 1782 of the Act, Plaintiff notified Defendant in writing by certified mail of the particular violations of § 1770 of the Act and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to so act. A copy of the letter is attached hereto as Exhibit A.

56.    If Defendant fails to rectify or agrees to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act, Plaintiff will amend this Complaint to add claims for actual, punitive and statutory damages, as appropriate.

57.    Defendant's conduct is fraudulent, wanton and malicious.

58.    Pursuant to § 1780(d) of the Act, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper forum.

## THIRD CAUSE OF ACTION

### Breach of Contract on Behalf of Plaintiff and the Class

59.    Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

60.    Plaintiff brings this cause of action on behalf of himself and the Class.

61.    Plaintiff and each Class member formed a contract with Defendant. The terms of that contract included a provision that Suddenlink would provide broadband internet services in return for payment by Plaintiff and the Class Members.

CLASS ACTION COMPLAINT

BLOOD HURST & O' REARDON, LLP

00168823

1    62.    Defendant's breached the terms of these contracts by promising to deliver broadband

2    internet services, but it did not provide such service during the frequent and prolonged outages and

3    frequent periods of unreasonably slow download speeds as described above. During such service

4    outages and slow download speed periods, Defendant did not provide any functioning internet

5    services to Plaintiff and members of the Class. To date, Defendant has failed to refund and/or

6    compensate Plaintiff for these breaches.

7    63.    Further, in all contracts, including Defendant's internet service contracts at issue,

8    there is an implied covenant of good faith and fair dealing that no party will do anything that will

9    have the effect of impairing, destroying, or injuring the rights of the other party to receive the

10    benefits of their agreement. By misrepresenting the broadband internet services through sales,

11    customer service communications and marketing materials, Defendant engaged in objectively

12    unreasonable conduct and breached the covenant of good faith and fair dealing. Also, by creating

13    and maintaining a monopoly over the relevant market, Defendant engaged in objectively

14    unreasonable conduct and breached the covenant of good faith and fair dealing.

15    64.    All conditions precedent to Defendant's liability under this standardized contract,

16    have been performed by Plaintiff and the other members of the Class.

17    65.    As a result of Defendant's breach of contract and and the implied duty to act in good

18    faith, Plaintiff and the other members of the Class have been damaged in the amount to be

19    determined at trial.

## PRAYER FOR RELIEF

21    Wherefore, Plaintiff prays for a judgment:

22    A.    Certifying the Class as requested herein;

23    B.    Awarding Plaintiff and Class members damages;

24    C.    Awarding Plaintiff and Class members restitution;

25    D.    Awarding declaratory and injunctive relief as permitted by law or equity, including

26    enjoining Defendant from continuing the unlawful practices as set forth herein, and

27    directing Defendant to identify, with Court supervision, victims of its conduct and

BLOOD HURST & O' REARDON, LLP

1    pay them restitution and disgorgement of all monies acquired by Defendant by means

2    of any act or practice declared by this Court to be wrongful;

3    E.    Imposing a constructive trust on Defendant on all monies wrongfully obtained by

4    Defendant, and ordering the monies to be returned to Plaintiff and the Class;

5    F.    Awarding attorneys' fees and costs pursuant to applicable law and doctrines;

6    G.    Awarding pre-judgment and post-judgment interest; and

7    H.    Providing such further relief as may be just and proper.

8    **JURY DEMAND**

9    Plaintiff demands a trial by jury on all issues so triable.

10    Respectfully submitted,

11    Dated: September 28, 2020    BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
CRAIG W. STRAUB (249032)

By: TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
cstraub@bholaw.com

QUADE & ASSOCIATES, APLC
MICHAEL W. QUADE (171930)
3377 Carmel Mountain Road, Suite 150
San Diego, CA 92121
Tel: 858/642-1700
858/642-1778 (fax)
mquade@quadelaw.com

*Attorneys for Plaintiff*

00168823

BLOOD HURST & O' REARDON, LLP

# Exhibit A

**BLOOD**
**HURST &**
**O'REARDON | LLP**

501 W. Broadway, Suite 1490 | San Diego, CA 92101
T | 619.338.1100  F | 619.338.1101
www.bholaw.com

Timothy G. Blood
tblood@bholaw.com

September 24, 2020

**VIA CERTIFIED MAIL (RETURN RECEIPT)**

**RECEIPT NO. 7018 0040 0000 8022 5252**

Dexter Goei
Suddenlink Communications
One Court Square
Long Island City, NY 11101

**RECEIPT NO. 7018 0040 0000 8022 5245**

Dexter Goei
Suddenlink Communications
520 Maryville Center Drive, Suite 300
St. Louis, MO 63141

Re:    Suddenlink Internet Services in
       Placer, El Dorado, and Nevada Counties, California

Dear Mr. Goei:

We represent Jamie Lopez ("Plaintiff") and all other similarly situated California consumers in an action against Cequel Communications, LLC dba Suddenlink Communications ("Suddenlink" or "defendant"), arising out of, *inter alia*, misrepresentations by defendant to consumers because its Suddenlink internet services are not provided to consumers in Placer, El Dorado and Nevada Counties during frequent and prolonged service outages and near-constant unreasonably slow download speeds. Defendant does not refund customers for these outages or slowdowns.

Plaintiff and others similarly situated purchased the Suddenlink internet services unaware of the fact that defendant's representations were deceptive and not truthful, including because frequent and prolonged internet service outages and unreasonably slow download speeds would occur. Defendant has also breached its contractual obligations with Plaintiff and others similarly situated because the severity and frequency of the outages and slowdowns were not disclosed and because they are not refunded for their payments during these outages and slowdowns. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is attached and incorporated by this reference.

The misrepresentations and omissions are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by defendant with the intent to result in the sale of the Suddenlink internet services.

00168096



Dexter Goei
Suddenlink Communications
September 24, 2020
Page 2

Defendant's practices constitute violations of the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.* Specifically, defendant's practices violate California Civil Code § 1770(a) under, *inter alia*, the following subdivisions:

(5)     Representing that goods or services have . . .approval, characteristics, . . . uses [or] benefits . . . which they do not have . . . .

* * *

(7)     Representing that goods or services are of a particular standard, quality or grade . . . if they are of another.

* * *

(9)     Advertising goods or services with intent not to sell them as advertised.

* * *

(14)    Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve ...

* * *

(16)    Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

(19)    Inserting an unconscionable provision in the contract.

As detailed in the attached Complaint, defendant's practices also violate California Business and Professions Code §§ 17200, *et seq.*, and constitute a breach of contract.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all other similarly situated California consumers that defendant immediately correct and otherwise rectify the goods and services, cease dissemination of the false and misleading advertising described in the enclosed Complaint, and initiate a corrective advertising campaign to re-educate the relevant consumers regarding the truth of the internet services at issue. In addition, defendant must identify all consumers similarly situated or make a reasonable effort to identify other consumers and offer to refund the purchase price to all Suddenlink consumer purchasers of the internet services for all service outages and unreasonable slow download speeds in Placer, El Dorado and Nevada Counties, plus provide reimbursement for interest, costs, and fees.



BLOOD
HURST &
O'REARDON | LLP

Dexter Goei
Suddenlink Communications
September 24, 2020
Page 3

In accordance with California Civil Code § 1782(d), if after 30 days from the date of this letter the requirements of Civil Code § 1782(c) have not been met, Plaintiff will amend the Complaint to seek damages, including punitive and statutory damages.

We await your response.

Sincerely,

TIMOTHY G. BLOOD

TGB:jk

Enclosure

00168096

# Exhibit B

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
CRAIG W. STRAUB (249032)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
cstraub@bholaw.com

QUADE & ASSOCIATES, APLC
MICHAEL W. QUADE (171930)
3377 Carmel Mountain Road, Suite 150
San Diego, CA 92121
Tel: 858/642-1700
858/642-1778 (fax)
mquade@quadelaw.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF NEVADA

| | |
|---|---|
| JAMIE LOPEZ, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CEQUEL COMMUNICATIONS, LLC, dba SUDDENLINK COMMUNICATIONS; and DOES 1-25, inclusive,<br><br>　　　　Defendants. | Case No.<br><br>**CLASS ACTION**<br><br><br>**AFFIDAVIT OF TIMOTHY G. BLOOD PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)** |

*Left margin, vertical:* BLOOD HURST & O' REARDON, LLP

AFFIDAVIT OF TIMOTHY BLOOD PURSUANT TO CCP § 1780(d)

I, TIMOTHY G. BLOOD, declare as follows:

1.     I am an attorney duly licensed to practice before all of the courts of the State of California. I am the managing partner of the law firm of Blood Hurst & O'Reardon LLP, one of the counsel of record for plaintiff in the above-entitled action.

2.     Defendant Cequel Communications, LLC, dba Suddenlink Communications ("Suddenlink") is a Delaware corporation that has done, and is doing business in, operates, and maintains offices in California, including the City of Truckee, Nevada County, California. Such business includes the marketing, promotion, distribution, and sale of broadband internet services for use in Placer, El Dorado and Nevada Counties of California.

3.     Plaintiff Jamie Lopez is a resident of Nevada County, California, and contracted with Suddenlink and paid for Suddenlink's broadband internet services in Nevada County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 28th day of September, 2020, at San Diego, California.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O' REARDON, LLP

00168829

1

Case No.

AFFIDAVIT OF TIMOTHY BLOOD PURSUANT TO CCP § 1780(d)