UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CEQUEL COMMUNICATIONS, LLC, d/b/a SUDDENLINK COMMUNICATIONS; and DOES 1–25, inclusive,<br><br>Defendants. | No. 2:20-cv-02242-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Plaintiff Jamie Lopez's ("Plaintiff") Motion to Remand. (ECF No. 7.) Defendant Cequel Communications, LLC, d/b/a Suddenlink Communications ("Defendant") filed an opposition. (ECF No. 10.) Plaintiff filed a reply. (ECF No. 11.) For the reasons set forth below, the Court DENIES Plaintiff's Motion to Remand.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is an internet service provider for consumers, such as Plaintiff, in Placer, El Dorado, and Nevada Counties in California. (ECF No. 1-1 at 8.) Plaintiff alleges that although Defendant "promises reliable broadband internet services with download speeds up to 100 to 940 megabits per second, customers experience frequent and prolonged internet service outages and near constant sluggish internet speeds," which prevent customers from using the internet. (*Id.*) Plaintiff further alleges Defendant "continues to charge customers regardless of whether there are prolonged unreasonably slow download speeds and outages." (*Id.*)

Plaintiff filed this putative class action in Nevada County Superior Court on September 28, 2020, alleging claims for violation of California's Consumers Legal Remedies Act ("CLRA"), violation of California's Unfair Competition Law ("UCL"), and breach of contract. (*Id.* at 7.) Plaintiff seeks various remedies, including damages, restitution, declaratory relief, and injunctive relief. (*Id.* at 21–22.) On November 9, 2020, Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"). (ECF No. 1.) Plaintiff filed the instant motion to remand on December 9, 2020.[1] (ECF No. 7.)

### II. STANDARD OF LAW

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). CAFA gives federal courts original jurisdiction over certain class actions only if: (1) the class has more than 100 members; (2) any member of the class is diverse from the defendant; and (3) the amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (5)(B).

Congress enacted CAFA "specifically to permit a defendant to remove certain class or mass actions into federal court" and intended courts to interpret CAFA "expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Although removal statutes are

---

[1] Defendant filed a motion to compel arbitration and stay litigation on February 4, 2021, citing an arbitration provision Plaintiff signed as part of his Residential Service Agreement with Defendant. (ECF No. 13.) The Court will address Defendant's motion in a separate order.

generally to be strictly construed against removal, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Nonetheless, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

### III.   ANALYSIS

Plaintiff does not argue the Court lacks CAFA jurisdiction. Instead, Plaintiff argues the Court lacks jurisdiction over his UCL and CLRA claims (which only seek equitable relief) and should remand the entire case — or at least those two claims — because he has not pleaded an inadequate remedy at law. (ECF No. 7-1 at 5.) Plaintiff relies on the Ninth Circuit's decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). (*Id.*)

In *Sonner*, the plaintiff brought claims for "injunctive relief under the UCL and CLRA, restitution under the UCL and CLRA, and damages under an Illinois consumer protection statute." 971 F.3d at 838. The plaintiff later dropped her sole damages claim and sought the same amount as restitution claims, presumably to pursue a bench trial and avoid having to persuade a jury to award the amount in damages. *Id.* The district court subsequently dismissed the restitution claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), stating that California law required the plaintiff "to establish that she lacked an adequate legal remedy for the same past harm for which she sought equitable restitution" and she failed to do so. *Id.* at 838. Plaintiff appealed the dismissal of her restitution claims. *Id.* at 838–39.

On appeal, the plaintiff argued California abrogated the inadequate-remedy-at-law requirement for claims seeking equitable restitution. *Id.* at 839. In other words, the plaintiff argued California law allowed her to bring equitable restitution claims regardless of whether she had an adequate legal remedy. *Id.* The defendant in opposition argued the court should apply federal common law, not California law. *Id.* More specifically, the defendant argued "federal courts in diversity are bound by traditional federal equitable principles, including the requirement that the party pursuing equitable relief establish that it lacks an adequate legal remedy." *Id.* Put simply, the *Sonner* court faced a choice of law question: whether to apply federal equitable

3

principles that would preclude plaintiff's equitable restitution claims or California law that would allow plaintiff's equitable restitution claims. *Id.* The *Sonner* court ultimately held that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Id.* at 843. Accordingly, the Ninth Circuit concluded "the district court did not err in dismissing [the plaintiff's] claims for equitable restitution under the UCL and CLRA." *Id.* at 844.

Although the *Sonner* court vaguely framed its discussion as involving a "threshold jurisdictional question," it never explicitly held that failure to allege an inadequate legal remedy deprives a court of subject matter jurisdiction over claims for equitable relief. *Id.* at 839. At least one district court expressly decided *Sonner* does not preclude courts from exercising jurisdiction over such claims. *See Naseri v. Greenfield World Trade, Inc.*, No. SACV2101084CJCKESX, 2021 WL 3511040, at *1 (C.D. Cal. Aug. 10, 2021) (denying a motion to remand brought pursuant to *Sonner*). The Court agrees with the well-reasoned decision in *Naseri*. At its core, *Sonner*'s holding addresses choice of law, not jurisdiction. 971 F.3d at 837 ("Pursuant to *Erie Railroad Co. v. Tompkins* . . . and *Guaranty Trust Co. of New York v. York* . . ., we hold that federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under [the UCL] and [CLRA]."). Moreover, since *Sonner*, district courts in the Ninth Circuit have repeatedly dismissed claims for equitable relief under Rule 12(b)(6), not based on a lack of jurisdiction. *See, e.g.*, *Andino v. Apple, Inc.*, No. 2:20-CV-01628-JAM-AC, 2021 WL 1549667, at *5 (E.D. Cal. Apr. 20, 2021); *Shay v. Apple Inc.*, No. 20CV1629-GPC(BLM), 2021 WL 1733385, at *5 (S.D. Cal. May 3, 2021); *Drake v. Toyota Motor Corp.*, No. 2:20-CV-01421-SB-PLA, 2021 WL 2024860, at *7 (C.D. Cal. May 17, 2021); *Nacarino v. Choban*i, LLC, No. 20-CV-07437-EMC, 2021 WL 3487117, at *13 (N.D. Cal. Aug. 9, 2021). In fact, the *Sonner* court dismissed plaintiff's claims under Rule 12(b)(6). Because Plaintiff fails to persuade the Court that *Sonner* requires remand of his claims, the Court DENIES Plaintiff's motion to remand. (ECF No. 7.)

///

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand. (ECF No. 7.)

IT IS SO ORDERED.

DATE: September 29, 2021

Troy L. Nunley
United States District Judge